[No. 36977. Department One. July 16, 1964.]

LAWRENCE O. SWENSON, *Respondent*, v. LOELLA M. POHLMAN, *as Administratrix, Appellant.**

*June Fowles*, for appellant.

*Foster & Foster*, for respondent.

*Reported in 394 P. (2d) 221.

CUSHING, J.†—On December 8, 1961, Loella M. Pohlman, appellant, was appointed administratrix of the estate of Henry W. Pohlman, her late husband. Through her attorney, she advised the operator of the funeral home, respondent, that she would authorize only $350 for funeral expenses for her husband. She also informed the mortuary that the funeral arrangements would be made by the two sons of the decedent by a former marriage. The sons made the arrangements, but disregarded the instructions to the mortuary as to amount and selected a funeral and interment at a cost of nearly three times the amount authorized. Claims were filed for the funeral and interment against the estate, and both claims were rejected by the administratrix as being unreasonable and unauthorized.

Actions were brought and tried, and judgments were entered allowing both claims. An appeal was taken from the judgment for funeral services entered in favor of respondent, upon the ground that the court erred in awarding the undertaker an amount in excess of the sum authorized by the surviving widow and administratrix.

The facts are undisputed that the respondent was advised of the limitation of the funeral expenses before the arrival of decedent's sons, and that he told them of the widow's instructions. Respondent testified:

" . . . We, of course, advised the sons about the limitation that was indicated by the widow and so they understood that perfectly, and so all the cards were on the table at my suggestion. . . . Q. Yes. Mr. Swenson, you had been advised of the limited estate, were you then relying upon the credit of the two sons in allowing further expense? A. Well, that was undoubtedly the case. . . . Q. And so relying upon their credit and their statement that they could pay, you allowed the additional expenses, is that true? A. I think that is fair."

In *Cook v. Johnson*, 37 Wn. (2d) 19, 23, 221 P. (2d) 525, the court said:

"The law recognizes, as a matter of classification, two kinds of contracts—bilateral and unilateral. A bilateral

---

†Judge Cushing is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

contract is one in which there are reciprocal promises. The promise by one party is consideration for the promise by the other. Each party is bound by his promise to the other. A unilateral contract is a promise by one party—an offer by him to do a certain thing in the event the other party performs a certain act. The performance by the other party constitutes an acceptance of the offer and the contract then becomes executed. . . ."

█ The facts in this case fall in the category of a unilateral contract. Therefore, when the funeral services were performed, this constituted an acceptance of the widow's offer and the contract then became executed on the terms of the offer. The respondent, having relied on the credit of decedent's two sons, must look to them for the amount of the funeral expenses in excess of the authorized amount of $350.

In 30 A.L.R. 446, it is stated:

"An undertaker must look to the person to whom credit is given, and cannot recover from an executor, where, in fact, the services were furnished on the credit of another. . . ."

The judgment of the trial court is modified by reducing the amount of the award to $350. The appellant will recover costs.

HILL, ROSELLINI, HUNTER, and HALE, JJ., concur.